IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Trina-Lene May,                                Case No. 3:11 CV 633

                                               MEMORANDUM OPINION
                    Plaintiff,                 AND ORDER

          -vs-                                 JUDGE JACK ZOUHARY

The Ohio State University, et al.,

                    Defendant.


          On March 29, 2011, *pro se* Plaintiff Trina-Lene May filed this Section 1983 and Title VII

discrimination action against The Ohio State University and University President Gordon Gee.

Plaintiff alleges she was assaulted by an Ohio State University student on a city bus in Lima, Ohio,

and that she was discouraged from making a police report.  Plaintiff further alleges she has had

difficulty being admitted to The Ohio State University, such as failing to receive an admission letter

and not receiving any information from the University's financial aid office (Doc. No. 1, at 4).  She

asks the Court to provide Marines to protect her and her family members to discourage Defendants

from committing any future wrongdoing.  Specifically, Plaintiff requests three escorts, preferably

Marines, to personally attend to each member of her family and those individuals she may call as

witnesses, plus four Marines "at each of our homes at all times" (*id.* at 2).  Plaintiff lists seventeen

individuals, families, and professional acquaintances that she believes may need Marine protection

(*id.* at 2–4).

          *Pro se* pleadings are to be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

(per curiam), *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if the complaint fails to state a claim upon which relief can be granted, or if the case lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Liberally construed, the Complaint in this case does not contain allegations reasonably suggesting Plaintiff might have a valid claim under Section 1983 or Title VII. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under Section 1915(e). Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

            *s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 26, 2011